Evans J.
delivered the opinion of the Court.
If there had been no seal attached to M’Dowell’s name, there could be no doubt that Milling would be liable. This case in every other particular is the same as the Stoney v. Beaubien, 2 *447 M’Mul., 313, (see Story on Promissory Notes, 58, and the cases there referred to.) The principle is, that if one intending, as is said in Stoney v. Beaubien, to make the note good to the payee, at the time of its execution, put his name on the back of it, or, as in this case, to be the drawer's security, or to indorse his note, the law will give effect to his contract in such form as is consistent with legal principles. In Stoney v. Beaubien, the defendant wrote his name across the back where an indorser usually signs; but as the note was not payable to him, he could not by indorsement direct the payment; of the contents: so in this case the defendant cannot be charged as indorser for the same reason, and for the further reason that the note is the sealed note of M’Dowell, which is not transferrable by indorsement. And as in Stoney v. Beaubien, effect was given to the clear intention of the contract by regarding him as the maker of the note, so effect must be given to Milling’s contract by regarding him as a maker also. But it is contended that Milling’s contract is different from Bcaubien’s, in this, that M’Dowell’s note is a sealed note or single bill, whilst Sealey’s note, which Beaubien indorsed, was a common promissory note; and the case of Tucker v. English, 2 Spears, 673, is relied on for authority on this point. In the very short report of that case, it is said, “a third person made a single bill under seal payable to the plaintiff or order; the defendant wrote his name on the back.” If this was all the evidence, then the opinion of the presiding Judge, which was affirmed in this Court, that it did not make the defendant a drawer of a note of hand, was unquestionably correct. If a stranger to the contract wrote his name on the back of a single bill, without any consideration which might charge him as a guarantor, he would incur no liability. He could not be charged as drawer, for he was no party to the original contract. But the case of Tucker v. English, is very different from this case. Here Milling was a party to the original contract. His name was on the note before it was delivered. It was put there as the security which the plaintiff required as a condition precedent to the delivery of the furniture. I do not think, therefore, there is any thing in Tucker v. English, which is inconsistent with the direction *448 given to the jury on the circuit. It has been supposed that a difficulty will exist in regarding Milling as a maker, from the fact, that by the same instrument of writing two persons are bound by what the law considers as different kinds of contracts; that is, M’Dowell’s contract is a specialty, and Milling’s is a simple contract. The words will answer for either. The form is that in general use, as well for a sealed note as a common promissory note. Each is severally bound, and the contract of each is a separate contract, and may be enforced against each as a separate promise. One may be sued in debt, and the other may be sued in assumpsit. Taking this view, it is unnecessary to discuss the question whether the defendant is not bound as guarantor. A large majority of the Court are of opinion he would, but it is thought best to put the decision on the same ground as that maintained by the Circuit Court.
The motion is dismissed.
Richardson J., Wardlaw J., and Withers J., concurred.
Frost J. concurred in the result.